IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA M. ATKINSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 13-697 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ETHICON, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Pending before the Court are two motions: a Motion for Summary Judgment (Doc. 16) and a Motion to Strike the Late Report and Opinions of Dr. William Porter ("Dr. Porter") or Alternatively to Extend Deadlines (Doc. 25), both filed by Defendant Ethicon, Inc.

For the reasons below, both motions will be granted.

**BACKGROUND**

All of Plaintiffs' claims stem from the implantation of Gyencare Transvaginal Tape, a product made and sold by Defendant, which allegedly caused Plaintiff Barbara Atkinson to suffer severe injuries and caused her husband, Plaintiff Roy Atkinson, to suffer loss of consortium. (Complaint, Doc. 1.)

Defendant removed this action to this Court on May 20, 2013. (Doc. 1.) Shortly thereafter, on June 19, 2013, the United States Judicial Panel on Multidistrict Litigation ("JPML") transferred this case to the United States District Court for the Southern District of West Virginia for coordinated or consolidated pretrial proceedings. (Doc. 5.)

On April 26, 2019, after the completion of pretrial proceedings, the JPML remanded this action to the undersigned. On May 8, 2019, the Court issued an order providing, in relevant part,

that "[g]oing forward, the Court will require compliance with the Local Rules of Court for the Western District of Pennsylvania as well as the undersigned's Practices and Procedures." (Doc. 10.)

The Court held a telephonic conference on May 13, 2019 (Doc. 15), at which the parties apprised the Court of the status of this case and their positions concerning discovery. At the conference, the Court affirmed that discovery in this case had been closed for nearly seven months and ordered that discovery would not be reopened.[1] Following the conference, the Court issued a Case Management Order (Doc. 19), which provided that "[d]iscovery in this matter is closed." (Id. at ¶ 1.) Additionally, to ensure that all documents relevant to the parties' dispute would be filed on the docket of this Court in the form required by the Local Rules and the undersigned's Practices and Procedures, the Court ordered the parties to "refile their respective motions and relevant documents on the docket for this Court" in accordance with those procedures. (Id. at ¶¶ 2, 4.) Documents that were not filed on the docket for this Court, or that were filed contrary to the manner prescribed by the Local Rules, are not part of the summary judgment record that the Court will consider.

Despite the Court's intention to manage these proceedings through its orders—orders which, to repeat, required compliance with the Local Rules and the undersigned's Practices and

---

[1] On January 30, 2018, Judge Joseph R. Goodwin issued Pretrial Order #280, which set a deadline of June 4, 2018 for Plaintiffs' expert disclosures, and set an additional deadline of September 11, 2018 for a list of general causation experts to be filed. (12-MD-2327, Doc. 16, at 2.) On June 13, 2018, Judge Goodwin issued Pretrial Order #303, which noted that there was confusion as to expert deadlines under Pretrial Order #280 and adjusted the deadlines as follows: Plaintiffs' expert disclosures were due July 13, 2018; the deposition deadline and close of discovery were set for October 4, 2018; and dispositive motions and Daubert motions were due on October 18, 2018. (12-MD-2327, Doc. 24, at 3.) By the time this case was remanded here, discovery had been closed for almost seven months. It is undisputed that, prior to remand, Plaintiffs had made no expert disclosures and produced no expert reports.

Procedures, and affirmed that discovery was closed—the parties have not complied with those orders or have simply ignored them. The Court's task has grown more complex because, as described below, so many of the parties' filings contain information that the Court will not consider.

Defendant filed its Motion for Summary Judgment on May 14, 2019. Defendant's motion does not comply with the Local Rules as Defendant did not file a concise statement of material facts or an appendix of supporting documents.[2] LCvR 56.B.1, 56.B.3.

Plaintiffs moved for an extension of time to respond on the ground that they wished to prepare an expert report. (Doc. 20.) As discovery in this matter had been closed, the Court promptly and summarily denied that request. (Doc. 21.)

Undeterred by the Court's prior orders, Plaintiffs filed a Response to Defendant's Motion for Summary Judgment (Doc. 22), with a supporting brief (Doc. 23) that includes the newly prepared expert report and argues that such a report renders Defendant's motion moot. Like Defendant's motion, Plaintiffs' response does not comply with the Local Rules, as Plaintiff has not filed a responsive concise statement of material facts or an appendix of documents.[3] LCvR 56.C.1, 56.C.1.3.

---

[2] Defendant did file an appendix of documents related to the transfer of this action from the Southern District of West Virginia (Doc. 18), as requested by the Court, but this is document is not comparable to the appendix required by the Local Rules. Defendant's brief also contains two paragraphs under the heading "Statement of Undisputed Facts," but those paragraphs do not comply with the Local Rules and refer to documents that are not properly in the record. That is, Defendant's Motion for Summary Judgment has two documents attached as exhibits, which are not in the form required by the Local Rules.

[3] Plaintiffs have filed a document labeled "Plaintiff's [sic] Response to Defendant's Motion for Summary Judgment," (Doc. 22), that denies several facts. That document does not comply with the Local Rules concerning a concise statement of material facts.

Defendant then filed a motion to strike the expert report (Doc. 25) on June 20, 2019, and the Court set a deadline of July 1, 2019 for Plaintiff's response, if any, to that motion, (Doc. 27). As of today, Plaintiff has not responded to that motion or filed a motion for extension of time to respond.

## ANALYSIS

### I. Motion to Strike

As an initial matter, Defendant's motion to strike Plaintiffs' expert report (Doc. 25) is GRANTED. The Court reminds Plaintiffs' counsel that discovery in this case has long been closed. In addition, Plaintiffs' filing does not comply with the Local Rule 56.C.1 concerning the manner in which documents are to be presented in response to a motion for summary judgment. LCvR 56.C.1 (requiring a "separately filed concise statement" of material facts); id. at 56.C.3 (requiring that "[d]ocuments referenced in the Responsive Concise Statement shall be included in an appendix"). On that basis alone, the Court will grant Defendant's motion, and the Court notes that the document would have been stricken even if Defendant had not filed such a motion. See Weitzner v. Sanofi Pasteur Inc., 909 F.3d 604, 614 (3d Cir. 2018) ("It is beyond question that the District Court has the authority to strike filings that fail to comply with its local rules.")

Striking Plaintiffs' expert report will have severe consequences in this case—ultimately requiring the dismissal of Plaintiffs' claims. Out of an abundance of caution, the Court will also address the propriety of striking that report assuming it had been filed in accordance with the Local Rules.

The Federal Rules of Civil Procedure allow a party to rely on a late-produced expert report if the lateness is substantially justified or the delay would be harmless. Yet Plaintiffs have provided no valid basis to justify their conduct or explain why such a delay would be harmless.

Therefore, as explained below, the Court would grant Defendant's motion even if Plaintiffs' expert report had been filed in accordance with the Local Rules.

Federal Rule of Civil Procedure 26(a)(2)(D) requires parties to make expert disclosures "at the time and in the sequence that the court orders." Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."

The Court of Appeals for the Third Circuit requires courts to consider four factors before excluding evidence as a sanction for failure to comply with a discovery deadline:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or wilfulness in failing to comply with the district court's order.

Konstantopoulos v. Westavco Corp., 112 F.3d 710, 719 (3d Cir. 1997) (quoting Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904-05 (3d Cir. 1977), overruled on other grounds by Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985)). In addition, a court should consider the importance of the excluded testimony. Id.

Defendant argues that allowing expert discovery to resume at this late stage will cause prejudice and disrupt the efficient progress of this case. Specifically, it states that allowing Plaintiffs to submit their late report "will greatly slow the pace of this remanded case toward trial because 1) discovery will need to be re-opened; 2) Defendant must be given the opportunity to depose Dr. Porter; 3) Defendant must be permitted to have its expert supplement her report or to identify rebuttal experts; 4) *Daubert* deadlines must be set; and 5) Defendant must be permitted

to supplement its summary judgment motion." (Defendant's Memorandum in Support of Motion to Strike, Doc. 26, at 10.)

Defendant also argues that Plaintiffs' counsel's proffered reason for noncompliance with discovery deadlines goes beyond mere negligence, and constitutes a violation of their duties as attorneys. (See id. at 6.) That is, Plaintiffs' Brief Opposing Summary Judgment (Doc. 23) attempts to justify Plaintiffs' noncompliance by arguing that "counsel for Plaintiff was not receiving docket notifications for the instant matter until its transfer." (Id. at 3.) Defendant alleges, however, not only that Plaintiffs' counsel initially failed to provide accurate contact information in ECF as required for notice, but also that he failed to check the docket sheet, update information in ECF, or investigate why he was not receiving notice *after Defendant* notified Plaintiffs' counsel of the deadlines and brought this matter to his attention. (Defendant's Memorandum in Support of Motion to Strike at 3-6.)

Plaintiffs have not responded to Defendant's motion to strike the expert report from the summary judgment evidence, and the Court therefore takes Defendant's factual allegations as true for purposes of resolving the instant motions. See Fed. R. Civ. P. 56(e)(2) ("If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . consider the fact undisputed for purposes of the motion.").

The relevant factors weigh in favor of excluding the expert report. While the Court finds that the prejudice to Defendant could be substantially eliminated by reopening discovery and providing all parties with a new opportunity to present, depose, rebut, and challenge experts on the issue of causation, an issue of critical importance to Plaintiffs' case, the remaining factors pull strongly against that course of action. The cost to Defendant, the delay in proceedings, and the weakness of Plaintiffs' proffered justification (an excuse that is tantamount to willful

blindness) outweigh the rationale for setting this case on an entirely new track. To put it plainly, Plaintiffs caused prejudice to Defendant through inexcusably ignoring the deadlines and docket filings in this case for an extended period, warranting exclusion of Dr. Porter's late-filed expert report as a sanction.[4]

Moreover, under the present circumstances, permitting the report to be filed after the Court's denial of leave to amend the discovery deadline would allow an end-run around Federal Rule of Civil Procedure 16(b)(4), which requires both "good cause" and "the judge's consent" to modify a deadline in a prior case management order. In that context, good cause "hinges to a large extent on the diligence, or lack thereof, of the moving party." Lasermaster Int'l Inc. v. Netherlands Ins. Co., 2018 WL 1891474, at *3 (D.N.J. Apr. 20, 2018); see also Chancellor v. Pottsgrove School Dist., 507 F.Supp.2d 695, 701-02 (E.D. Pa. 2007) ("Absent diligence, there is no 'good cause.'"). Plaintiffs have shown a lack of diligence, including through their failure to abide by this Court's rules and the transferor court's case management deadlines. Rewarding that lack of diligence would create perverse incentives for litigants and would undermine the Court's ability to manage its cases efficiently.

As ordered above, Plaintiffs' expert report is stricken and excluded from the Court's consideration as noncompliant with the Local Rules.

---

[4] Even if the Court were to treat Plaintiffs' arguments in their response to Defendant's summary judgment motion as Plaintiffs' response to the later-filed motion to strike—a position that the Court emphatically does not take—Plaintiffs' reliance on Pasini v. Tran Company, 2019 WL 1299036 (E.D. Pa. Mar. 21, 2019) would not persuade the Court to decide otherwise. In Pasini, the court's indulgence of plaintiffs' untimely expert report rested on the fact that "a serious (and confidential) medical event [described to the court *in camera*] . . . prevented experts from inspecting [the relevant condition in plaintiffs' home]." Id. at *3. There is no comparable circumstance here, where the cause of the delay was entirely within the control of Plaintiffs and their counsel.

## II. **Summary Judgment**

Having resolved that issue, the Court is able to dispose of Defendant's Summary Judgment Motion.

Defendant argues that all of Plaintiffs' claims fail because the claims require an expert report to establish causation. (Memorandum in Support of Defendant's Motion for Partial Summary Judgement, "Defendant's SJM Brief," Doc. 17, at 4.)[5] Plaintiffs do not contest that an expert report is necessary to their claims. (See generally Plaintiffs' Brief Opposing Summary Judgment.) Indeed, the entirety of their response is that they have produced an expert report to support their claims, mooting Defendant's argument. (Id.) Plaintiffs have not responded to any of the grounds for summary judgment raised in Defendant's SJM Brief, other than to insist that their expert report should be admitted and discovery reopened. (Id.)

Nonetheless, in order for this Court to grant summary judgment in favor of Defendant, it must independently conclude that there is a valid legal basis for doing so. Weitzner, 909 F.3d at 614; Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 174 (3d Cir. 1990) ("Where the moving party does not have the burden of proof on the relevant issues, . . . the district court must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law.")

Accordingly, the Court must examine each of Plaintiffs' claims to determine whether the record evidence is sufficient to support those claims, or whether there are other reasons that those claims fail as a matter of law.

---

[5] Defendant labels its motion as one for "partial" summary judgment in its brief only because it argues that Plaintiffs' claim for punitive damages is not a separate cause of action on which summary judgment could be granted. (Id. at 1 n.1.) Defendant seeks summary judgment on all of Plaintiffs' claims. (Id.)

8

That task is not difficult, as Plaintiffs have submitted no record evidence to support any of their claims.  (Case Management Order, May 14, 2019, at ¶ 2 ("To the extent that any pending motions or other relevant documents were filed on the docket for the Southern District of West Virginia in this matter, the parties must refile their respective motions and relevant documents on the docket for this Court if they seek relief in this Court.  All pending motions filed on the docket for the Southern District of West Virginia are terminated in this matter, without prejudice to refiling on the docket for this Court."); see generally Response to Defendant's Motion for Summary Judgment and Supporting Brief.)

Specifically, Plaintiffs' Amended Short-Form Complaint (Civil Action No. 13-14888 (S.D. W.Va. July 23, 2013), Doc. 8) asserts several Pennsylvania tort theories against Defendant: negligence, strict liability (for manufacturing defect, failure to warn, defective product, and design defect), breach of express warranty, breach of implied warranty, gross negligence, loss of consortium, and punitive damages.

Several of these causes of action fail as a matter of law because Pennsylvania does not recognize them.  There is no separate cause of action under Pennsylvania law for gross negligence, Spence v. ESAB Grp., Inc., 623 F.3d 212, 215 n.2 (3d Cir. 2010), or for punitive damages, Kirkbride v. Lisbon Contractors, Inc., 555 A.2d 800, 802 (Pa. 1989).

As to strict liability, there is a split among federal district courts applying Pennsylvania law as to whether strict liability is an available cause of action against the manufacturer of a medical device; yet, even under the most permissive interpretation, such claims exist only with respect to manufacturing defects in medical devices and not with respect to other theories of strict liability.  Compare Wilson v. Synthes USA Prods., LLC, 116 F. Supp. 3d 463, 466 (E.D. Pa. 2015) (collecting cases finding that plaintiffs may not assert strict liability claims against

9

manufacturers of medical devices), with Wagner v. Kimberly-Clark Corp., 225 F. Supp. 3d 311, 316 (E.D. Pa. 2016) (collecting cases finding that strict liability claims exist only with respect to manufacturing defects in medical devices). Plaintiffs' strict liability claims do not survive summary judgment because each of those claims is either legally unavailable or unsupported by any record evidence.

The other independent claims that have a substantial legal footing—for negligence, breach of implied warranty, breach of express warranty, and loss of consortium—are unsupported by record evidence because Plaintiffs have provided no valid evidence.

As a result, the Court will enter summary judgment in favor of Defendant and against Plaintiffs on all claims.

Accordingly, Defendant's Motion for Summary Judgment (Doc. 16) is GRANTED.

IT IS SO ORDERED.


July 11, 2019                                   s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge


cc (via ECF email notification):

All Counsel of Record